UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.    0:23-cv-61299

GABRIELA HAYLE MANCINI,

    Plaintiff,

vs.

NEW YORK LIFE INSURANCE COMPANY
PENSION PLAN,

    Defendant,

_____/

## COMPLAINT

Gabriela Hayle Mancini ("Mancini") plaintiff, in the above styled cause, sues defendant, New York Life Insurance Company Pension Plan (the "Plan") and alleges:

1. This is a civil action to recover pension benefits due Mancini under the Plan pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq., that exceeds the sum specified by 28 U.S.C. §1332, exclusive of attorney's fees and costs.

2. At all times material, Mancini was a resident of Broward County, Florida.

3. At all times material the Plan was administered by the New York Life Insurance Company, a New York corporation, authorized to do business and conducting business, in the State of Florida.

4. Venue is proper in this district because Mancini is a resident of Broward County, Florida and the Plan breached its obligation to pay Mancini pension benefits in this district.

5. Mancini's former husband, Frank P. Mancini, was an employee of New York Life Insurance Company for over thirty-five years.

1

6. In consideration of his employment with the company, Frank P. Mancini qualified for New York Life Insurance Company's pension plan. A true and correct copy of the Summary Plan Description ("SPD") is attached as Exhibit "A."

7. On or about March 7, 2005 Frank P. Mancini designated his wife, Mancini, as a beneficiary to his pension benefits under the Plan. A true and correct copy of the Beneficiary Designation Authorization Form is attached as Exhibit "B."

8. Contemporaneous with designating Mancini as his beneficiary, Frank P. Mancini submitted forms under the Plan to New York Life Insurance Company choosing the category "Normal Form for Married Participants – 75% Joint and Survivor Annuity" which was the method by which Frank P. Mancini would receive his pension benefits upon his retirement, and the method by which Mancini would receive Frank P. Mancini's pension benefits if he predeceased her.

9. In February/March 2014 the Mancini's divorced.

10. On March 11, 2014, as part of the equitable distribution of marital assets in the divorce, the Circuit Court of Broward County, Florida entered a Qualified Domestic Relations Order ("QDRO"). A true and correct copy of the QDRO is attached as Exhibit "C."

11. As indicated in paragraph 8 of the QDRO, Mancini is entitled to 10.58% of Frank P. Mancini's retirement benefits, and the calculation of this award shall be adjusted to include all early retirement subsidies, early retirement supplements, and cost-of-living adjustments provided to Frank P. Mancini.

12. Pursuant to paragraph 9 of the QDRO, in the event Frank P. Mancini died before Mancini, her entitlement to the 10.58% share of Frank P. Mancini's

retirement benefits was to continue "to the extent provided under the form of payment in which benefits are currently being paid to [Frank P. Mancini]."

13. For several years following the divorce and entry of the QDRO, Mancini received payments from the Plan representing 10.58% of Frank P. Mancini's retirement benefit.

14. On March 22, 2022 Frank P. Mancini died.

15. In a letter to Mancini dated May 16, 2022, the Plan – despite the QDRO never being modified or vacated – advised Mancini that her benefits were terminating as of June 2022 and claimed that it had overpaid her in the amount of $2,327.18 (representing two months of payments) and demanded this amount back. A true and correct copy of the Plan letter is attached as Exhibit "D."

16. On April 1, 2023 Mancini's attorney mailed a letter to the Plan enclosing Mancini's Claim Initiation Form wherein she claims that the Plan erroneously cut-off her pension payments. A true and correct copy of that letter is attached as Exhibit "D.")

17. As indicated, on attached Exhibit "E" the Plan received Mancini's Claim Initiation Form and supporting documentation on April 5, 2023.

18. The SPD provides that if it is determined that one's claim for retirement benefits is not payable, the Plan will notify the claimant of the denial in writing within 90 days after the claim is received and that if the claimant does not receive a timely notice of denial of the initial claim, the claimant may bring an action under section 502(a) of ERISA [codified at 29 U.S.C. §1132 (a)](See Exhibit "A" at p. 60-61).

19.     Mancini has exhausted all administrative remedies and has performed all conditions precedent to bringing this action, or such conditions precedent have been waived.

### COUNT I – CLAIM TO RECOVER BENEFITS DUE UNDER ERISA §502(a)(1)(B) CODIFIED AS 29 U.S.C. §1132(a)(1)(B)

20.     Paragraphs 1 through 19 are realleged and incorporated as previously pled.

21.     In June 2022, the Plan erroneously terminated Mancini's receipt of pension benefits.

22.     Following the Plan's termination of Mancini's benefits, Mancini made a timely claim to the Plan contesting the termination of the benefits.

23.     Pursuant to the Summary Plan Description, the Plan had 90 days to deny the claim in writing, otherwise Mancini could file a claim under ERISA.

24.     The Plan has not denied Mancini's claim within 90 days.

25.     As a result of the Plan's termination of Mancini's pension benefits effective June 2022, Mancini has been damaged.

26.     Mancini is entitled to at least $1163.59 each month retroactive to June 2022 to the present and continuing, plus 10.58% of any early retirement subsidies, early retirement supplements, and cost-of-living adjustments her former husband, Frank P. Mancini was entitled to.

WHEREFORE, plaintiff, Gabriela Hayle Mancini, demands judgment against The New York Life Insurance Company Pension Plan, pre-judgment interest, costs, reasonable attorney's fees under §29 U.S.C. §1132(g)(1), and such other relief as the court deems proper.

## COUNT II – <u>CLAIM FOR EQUITABLE RELIEF UNDER ERISA §503 CODIFIED AS 29 U.S.C. §1133</u>

27. Paragraphs 1 through 26 are realleged and incorporated as previously pled.

28. ERISA §503, codified at 29 U.S.C. §1133, provides that every employee benefit plan shall (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29. Furthermore, the Plan's own provisions state in relevant part that "If it is determined that your claim for retirement benefits is not payable, in whole or in part, you will be notified of the denial in writing within 90 days after your claim is received" and that if the claim is denied [Mancini] would receive a denial notice that includes:

- The specific reason or reasons for the denial of [the] claim;
- A reference to the specific plan provisions upon which the denial is based;
- A description of any additional material or information necessary for [Mancini] to perfect [her] claim and an explanation of why this additional material or information is necessary;

(Exhibit "A" at p. 60-61).

30. To date, despite the Plan's receipt of Mancini's claim for benefits on April 5, 2023, the Plan has not responded to Mancini's claim in any manner; it has neither given her a written denial of the claim, nor by not providing a denial, given her the

5

opportunity to timely file an appeal per the terms of the Plan (See Exhibit "A" at p. 61).

31. By not responding to Mancini's claim in any manner the Plan has substantially failed to comply with the express terms of the Plan and the provisions of ERISA §503.

32. As a result of the Plan's failure to substantially comply with the express terms of the Plan and the provisions of ERISA §503, Mancini has been damaged, as any benefits she's entitled to continue to be forestalled.

WHEREFORE, plaintiff, Gabriela Hayle Mancini, requests the court to remand this case to the Plan administrator with instructions to make a proper review of a claim following the appropriate procedures, or in the alternative, find that when read in *pari materia* with the express terms of the SPD and the Qualified Domestic Relations Order ("QDRO"), order the Plan to reinstate Mancini's benefits retroactive to June 2022, plus costs, reasonable attorney's fees under §29 U.S.C. §1132(g)(1), and such other relief as the court deems proper.

Dated: July 9, 2023                    Respectfully submitted,

                                       BY: /s/ Thomas M. Bates
                                            Thomas M. Bates
                                            Fla. Bar No.: 851442
                                            THOMAS M. BATES, P.A.
                                            1555 Palm Beach Lakes Blvd., Ste. 410
                                            West Palm Beach, FL 33401
                                            (561) 802-4124
                                            (561) 207-7792 (fax)
                                            tbates@westpalmbeachtriallawyer.com
                                            Attorney for Plaintiff
                                            Gabriela Hayle Mancini